**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-20974

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JUAN ALBERTO CARDONA, also known as Juancho,

Defendant-Appellant.

_____

Appeals from the United States District Court
For the Southern District of Texas
August 16, 2002


Before JOLLY, DUHÉ, and DENNIS, Circuit Judges.

PER CURIAM:

Juan Alberto Cardona appeals following his conviction for a cocaine conspiracy.  He argues that the government violated the Speedy Trial Clause of the Sixth Amendment by waiting over five years to execute the warrant for his arrest.  The district court found no speedy trial violation and denied defendant's motion to dismiss the indictment.  We hold that the district court erred in its speedy trial analysis.  We vacate the judgment of conviction and sentence and remand for dismissal of the indictment.

I.

On April 23, 1995, Cardona and others were indicted in Texas for a cocaine conspiracy and related charges. The next day a warrant was issued for his arrest. Over five years later, on October 28, 2000, Cardona was arrested on the warrant in Connecticut. On January 8, 2001, Cardona moved to dismiss the indictment, arguing that the delay in the execution of the warrant violated his right to a speedy trial. In response, the Government argued that it had been diligent in its attempt to arrest Cardona, describing its efforts to locate him.

The district court denied Cardona's motion for dismissal and a motion for reconsideration without giving reasons. At Cardona's request it then set a hearing on defendant's request for reconsideration. At that hearing Cardona presented evidence that he had several contacts with law enforcement agencies between 1995 and 2000, and had lived openly for several years in New York and Connecticut without ever having been questioned about the warrant for his arrest. Cardona also testified that an alleged co-conspirator, William Gomez, would have testified on his behalf if he had not been deported and was still available to testify.

The district court then denied the motion, finding that Cardona had had several addresses and concluding "I don't see anything that contradicts or suggests that the Government's failing to arrest him was out of negligence." Further, the court noted it "doesn't find . . . that Mr. Gomez would necessarily testify on his behalf and there is no reason necessarily for Mr. Gomez to, as far

2

as the Court has determined, testify on behalf of Mr. Cardona." VI R. 18-19. After a jury trial Cardona was convicted and sentenced and timely appealed.

## II.

In analyzing a defendant's Sixth Amendment speedy trial claim based on post-indictment delay, we consider four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's diligence in asserting his Sixth Amendment right, and (4) prejudice to the defendant resulting from the delay. Barker v. Wingo, 407 U.S. 514, 530-33, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). The district court addressed factors two and four, the reason for the delay and prejudice. We review for clear error a district court's factual findings in applying the elements of this balancing test. United States v. Bergfeld, 280 F.3d 486, 488 (5th Cir. 2002).

## III.

Doggett v. United States explained how the four factors used to analyze a defendant's Sixth Amendment speedy trial claim based on a post-indictment delay are weighed, and the burden each party carries. 505 U.S. 647, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992).

The threshold inquiry is whether the delay was long enough to trigger a "speedy trial" analysis. If the delay reaches the threshold level of one year, it is "presumptively prejudicial" and requires the court to engage in the speedy trial analysis, balancing the remaining factors. Robinson v. Whitley, 2 F.3d 562,

3

568 (5th Cir. 1993), cert. denied, 510 U.S. 1167, 114 S.Ct. 1197, 27 L.Ed.2d 546 (1994); Doggett, 505 U.S. at 651-52 & n. 1, 112 S. Ct. 2686, 2690-91. This delay of over five years certainly suffices to raise the presumption of prejudice and trigger the analysis.

Bergfeld explains the next inquiry:

> Next, the length of the delay, the reason for the delay, and defendant's diligence in asserting his or her rights is weighed against the prejudice to the defendant. Depending on how heavily the first three factors weigh for or against the defendant, prejudice is presumed in some cases, relieving the defendant of any burden to show actual prejudice. One lesson from Doggett is that the longer the delay, the greater the presumption of prejudice.

Bergfeld, 280 F.3d at 488 (citations omitted).

The district court did not weigh these factors on the record. It is not apparent whether the district court even considered the first element, length of the delay, as part of its speedy trial analysis. Because of the extraordinary delay of over five years, this factor weighs heavily in Cardona's favor. Id. at 489 (five years).

As for the second factor, reason for the delay, "'different weights [are to be] assigned to different reasons for delay.'" Doggett, 505 U.S. at 657, 112 S.Ct. 2686 (quoting Barker). "If the government diligently pursues a defendant from indictment to arrest, a speedy trial claim will always fail without a showing of actual prejudice." Bergfeld, 280 F.3d at 489. On the other hand, if the Government intentionally held back in its prosecution "to

4

gain some impermissible advantage at trial," that fact weighs heavily against the Government. Doggett, 505 U.S. at 565. The middle ground between diligent prosecution and bad-faith delay is government negligence in bringing an accused to trial. Id.

Cardona did not allege bad faith and suggested only negligence on the part of the Government by showing his open presence in New York and Connecticut without having been contacted about the warrant. The Government argued in its opposition that it was diligent, offering reasons for its delay and explaining efforts to track Cardona down, but did not support its memorandum with a single shred of evidence then or at the later hearing. The record provides no evidence of the Government's diligence in attempting to locate Cardona, as it contains no evidence whatsoever of the Government's intentions and efforts. The Government's arguments in brief are not evidence.

We therefore find that the district court clearly erred in concluding from defendant's evidence that the government was not negligent in failing to arrest Cardona sooner. Without deciding who bears the burden of proof of showing the reason for delay,[1] we conclude that this factor would either weigh in defendant's favor

---

[1]United States v. Brown, 169 F.3d 344, 349 (6th Cir. 1999), held the Government to the burden of proving that defendant was actually culpable in causing the delay in his case, evaded arrest on the indictment, or was aware of the issuance of the indictment and intentionally hid himself from law enforcement agents. See also Barker, 407 U.S. at 531, 92 S.Ct. at 2192 (calling this factor "the reason *the government assigns to justify* the delay") (emphasis added).

5

or at the very least be a neutral one.  See Barker, 407 U.S. at 531, 92 S.Ct. at 2192 ("A more neutral reason such as negligence . . . should be weighted less heavily [against the Government than bad faith] but nevertheless should be considered since the ultimate responsibility for such circumstances [as judicial delay or negligence] must rest with the government rather than with the defendant.").

The third factor of the Doggett balancing test is whether the "defendant, in due course, asserted his right to a speedy trial." Doggett, 505 U.S at 651.  It is not clear whether the district court considered this factor since it was not addressed.  Having been arrested October 23, 2000, Cardona moved to dismiss for speedy trial violation on January 8, 2001, just over a month after his initial appearance.  The defendant's assertion of his speedy trial right is "entitled to strong evidentiary weight." Barker, 407 U.S. at 531-32, 92 S.Ct. at 2192.

There is no evidence that he knew of the charges against him until his arrest;[2] thus this factor weighs heavily in Cardona's favor.  See Doggett, 505 U.S. at 653-54, 112 S.Ct. at 2691 (defendant "is not to be taxed for invoking his speedy trial right only after his arrest" where Government introduced no evidence challenging testimony that defendant did not know of the

---

[2] On cross examination, Cardona testified that he learned about a co-conspirator's 1995 arrest only after his own arrest (in 2000); he was not questioned about when he learned that he had been indicted.

6

indictment); Bergfeld, 280 F.3d at 489 (concluding that defendant's lack of knowledge of the indictment until after it was unsealed meant this factor weighed exclusively in defendant's favor). Cardona timely raised his right to a speedy trial, and the district court erred in not weighing this factor in Cardona's favor.

Finally, a court must consider whether the defendant was prejudiced by the delay in his arrest. Cardona testified that Gomez, a co-conspirator now deported, would have testified that Cardona had nothing to do with the conspiracy, although Cardona did admit that Gomez might have implicated him to get a reduced sentence. The court intimated that it was finding no prejudice, in declaring that Cardona had presented no evidence that Gomez would "necessarily" testify as Cardona asserted. Based on Bergfeld and Doggett, we conclude that the district court's analysis was incorrect.

Under Doggett and Bergfeld, the first three factors "should be used to determine whether the defendant bears the burden to put forth specific evidence of prejudice (or whether it is presumed)." Bergfeld, 280 F.3d at 490. Cardona's assertion of his speedy trial right and the unreasonable five-year delay weigh heavily in Cardona's favor. The presumption that a pretrial delay has prejudiced the accused intensifies over time. Doggett, 505 U.S. at 652, 112 S.Ct. at 2691. The reason for the delay either favors Cardona further or is a neutral factor. We conclude that under a

7

correct application of Doggett, the weight of these facts warrants a presumption of prejudice.  Id. at 657-58, 112 S. Ct. at 2686 (presuming prejudice with an eight-year delay after the indictment, the defendant unaware of the indictment, and the government negligent in pursuing the defendant); Bergfeld, 280 F.3d at 491 (holding that five-year delay caused by government's negligence entitled defendant to presumption of prejudice).

Under Doggett, if "the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted," then the defendant is entitled to relief." 505 U.S. at 658, 112 S.Ct. at 2694 (footnotes and citations omitted).  Here, the presumption of prejudice was neither extenuated by the defendant's acquiescence nor rebutted by any evidence on behalf of the Government.

In view of this presumption, we hold that the district court's finding that Cardona did not suffer prejudice from the delay between his indictment and arrest to be clearly erroneous. Weighing the presumed prejudice against the other factors, we find Cardona entitled to relief for violation of his right to a speedy trial.

IV.

Based on the balancing test described in Bergfeld and Doggett, we hold that Cardona's Sixth Amendment right to a speedy trial was violated.  Dismissal of the indictment is the only possible remedy. Barker, 407 U.S. at 522, 92 S. Ct. At 2188.  Accordingly, we vacate

8

the judgment of conviction and sentence and remand with instructions to dismiss the indictment.

VACATED; REMANDED for DISMISSAL OF INDICTMENT.