KING, Circuit Judge,
dissenting:
I respectfully dissent from the court’s decision to vacate the judgment of conviction and remand with instructions to dismiss the indictment. In my view, the government has successfully rebutted MolinaSolorio’s presumed prejudice.
I agree with the majority that prejudice may be presumed here. First, the egregious length of delay in this case — nearly ten years — both triggers the four-factor analysis from Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and weighs significantly in Molina-Solorio’s favor. Second, the reason for delay probably results from government negligence, although it is hard to describe as “negligent” what may have been an affirmative decision not to prosecute MolinaSolorio but to deport him instead. Third, Molina-Solorio should not be “taxed” for not knowing of his indictment (and not asserting his desire for a speedy trial) until he was arrested. Doggett v. United States, 505 U.S. 647, 654, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); see also United States v. Cardona, 302 F.3d 494, 498 (5th Cir.2002).
My primary disagreement with the majority is that the government has rebutted the presumption of prejudice by showing that Molina-Solorio has suffered no actual prejudice and thus no Sixth Amendment speedy trial violation. In Doggett, the Supreme Court stated that the defendant is not entitled to relief “when the presumption of prejudice ... is ... persuasively rebutted.” 505 U.S. at 658, 112 S.Ct. 2686 (emphasis added, internal footnotes omitted, and citation omitted). Though the government’s brief does not denominate its argument as a “rebuttal” of presumptive prejudice, it argues persuasively that the delay in bringing Molina-Solorio to trial does not implicate the three key interests that “the speedy trial right was designed to protect”: (1) “to prevent oppressive pretrial incarceration”; (2) “to minimize anxiety and concern of the accused”; and (3) “to limit the possibility that the .defense will be impaired.” Barker, 407 U.S. at 532, 92 S.Ct. 2182. Regarding the “most serious” of the three interests, MolinaSolorio does not even argue that his defense was impaired, nor could he. Id. He makes no claim that his ability to defend against the charge specified in the indictment — specifically, escaping from the Big Spring Prison Camp — has been impaired by the amount of time that elapsed after *309 the indictment. As for the other two interests, again, neither is even claimed by Molina-Solorio to have been infringed. Molina-Solorio’s primary assertion — that had he been incarcerated for escape, he might not have committed the subsequent crimes of possession of a controlled substance (cocaine) and illegal reentry and would not have been charged with the resulting criminal history points — not only fails to demonstrate prejudice; it is, as the government says, “preposterous.” His second assertion — that Texas “might have been willing to run his state sentence of three years imprisonment for possession of a controlled substance ... concurrent or partially concurrent with his federal charge of escape” — is pure speculation.
There is no reason, grounded in the Sixth Amendment or otherwise, why Molina-Solorio ought not to go to prison for escape.