# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 196

State of North Dakota,　　　　　　　　　　　　Plaintiff and Appellee

　　v.

Cole Lee Peters,　　　　　　　　　　　　　Defendant and Appellant

## Nos. 20220074 & 20220075

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Nathan K. Madden, Assistant State's Attorney, Williston, N.D., for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Cole Lee Peters appeals from criminal judgments for terrorizing, two counts of gross sexual imposition, attempted murder, and felonious restraint. Peters argues on appeal that the State violated his right to a speedy trial, that the district court erred when it failed to exclude duplicate photographs of B.C., the victim, and that the court should have given a curative instruction to the jury on the duplicate pictures. We affirm the judgments.

I

[¶2]   Peters physically and sexually assaulted B.C. at a hotel on the evening of December 27, 2019. Police officers arrested Peters on December 28, and on December 31 the court entered a scheduling order setting a criminal jury trial for May 4, 2020. Consistent with this Court's Administrative Order 25 suspending jury trials during the COVID-19 pandemic, the trial was rescheduled to June 29, 2020, and again to August 24, 2020. Later, the court granted the State's motion to reschedule, resetting the trial for October 19, 2020. Peters then made two motions which delayed the trial to February 8, 2021, and then the parties stipulated to reschedule the trial for April 5, 2021. COVID-19 protocols prevented an expert witness, the DNA analyst assigned to Peters' case, from being able to travel to North Dakota and testify at his trial. The court rescheduled the trial to June 28, 2021, in response to the State's motion. On June 10, 2021, the parties again stipulated to reschedule the trial for a date after July 31, 2021, because the North Dakota State Crime Laboratory's biological screener who was assigned to Peters' case was out on maternity leave. At this point, Peters had not yet asserted his speedy trial right, nor had he objected to any of the delays. A trial was held on August 23, 2021, but it ended in a mistrial. On September 3, 2021, Peters moved to dismiss for violations of his speedy trial right, and the court denied the motion. Peters' second trial began on September 20, 2021. This trial was delayed because a member of the jury panel tested positive for COVID-19. During this delay, Peters again moved to dismiss for violation of his speedy trial right, and the

court denied the motion. The trial resumed on October 13, 2021, and the jury found Peters guilty of all charges.

[¶3]   On the night of the incident, B.C. was admitted to the hospital for treatment of her injuries. Police officers obtained photographs of B.C.'s injuries taken the night of the incident and days later after the swelling of B.C.'s injuries had subsided. At trial, the court admitted these photographs over Peters' objection. On appeal Peters argues that the State violated his right to speedy trial, that the photographs admitted by the district court were cumulative in violation of N.D.R.Ev. 403, and that the court erred in not issuing a curative instruction relating to the photographs.

## II

[¶4]   Peters argues his constitutional right to a speedy trial was violated.

[¶5]   A criminal defendant's right to speedy trial is protected by the Sixth Amendment to the United States Constitution and N.D. Const. art. I, § 12. *State v. Wayland*, 2020 ND 106, ¶ 7, 942 N.W.2d 841. We conduct a de novo review of the district court's overall assessment, but review the court's factual findings for clear error. *Id.* at ¶ 8; *United States v. Sims*, 847 F.3d 630, 634 (8th Cir. 2017). The district court must analyze four factors to evaluate a speedy trial claim: "length of the delay, reason for the delay, proper assertion of the right, and actual prejudice to the accused." *Koenig v. State*, 2018 ND 59, ¶ 20, 907 N.W.2d 344 (citing *State v. Hall*, 2017 ND 124, ¶ 11, 894 N.W.2d 836). The factors are related, none is dispositive, and they must be considered together along with other circumstances. *State v. Hamre*, 2019 ND 86, ¶ 11, 924 N.W.2d 776.

## A

[¶6]   The length of delay is the time between either the arrest or indictment, whichever is first, and the beginning of the trial. *State v. Borland*, 2021 ND 52, ¶ 14, 956 N.W. 2d 412; *Sims*, 847 F.3d at 634. Under the first factor, "a delay of one year or more is 'presumptively prejudicial' and triggers an analysis of the other speedy trial factors." *Hamre*, 2019 ND 86, ¶ 11. Peters' trial began on

September 20, 2021, almost twenty-one months after his arrest. This delay is presumptively prejudicial and triggers analysis of the other speedy trial factors.

B

[¶7]   The reason-for-delay factor weighs heavily against the State if the State deliberately delays trial to obstruct the defense. *Borland*, 2021 ND 52, ¶ 16. A lack of diligence in prosecution or docket overcrowding weighs less heavily against the State. *Id.* "A valid reason for delay, such as a missing witness, will not be weighed against the State." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 531 (1972)). A trial delay caused by the unavailability of the State's main witness or a crime lab analyst is not attributable to the State. *State v. Bergstrom*, 2004 ND 48, ¶ 18, 676 N.W.2d 83. Delays caused by the defendant weigh against the defendant. *Borland*, at ¶ 16. We have held that trial continuances caused by COVID-19 and Administrative Order 25 do not weigh against the State. *State v. Lafromboise*, 2021 ND 80, ¶ 21, 959 N.W.2d 596; *see also State v. Paige*, 977 N.W.2d 829, 838-40 (Minn. 2022); *United States v. Smith*, 494 F. Supp. 3d 772, 783 (E.D. Cal. 2020).

[¶8]   Here, the district court rescheduled Peters' trial eight times and delayed his September 20, 2021 trial approximately three weeks. There is no evidence that the State ever deliberately delayed or obstructed the trial. The trial was delayed by this Court's Administrative Order 25 suspending jury trials as a result of the COVID-19 pandemic, Peters' motions requesting evaluations, the temporary unavailability of two expert witnesses, Peters' stipulations to continuances, and compliance with Centers for Disease Control guidance when a juror contracted COVID-19. The court rescheduled and proceeded with trial promptly in each instance. The reasons for delay do not weigh against the State.

C

[¶9]   Failure to assert the speedy trial right makes it difficult for a defendant to prove a violation of that right. *State v. Moran*, 2006 ND 62, ¶ 15, 711 N.W. 2d 915; *Barker*, 407 U.S. at 532. Courts have weighed the frequency and force

3

of a defendant's assertion. *Sims*, 847 F. 3d at 636. In *Borland*, this factor weighed against a defendant who waited for almost two years after he was charged to assert his speedy trial right; it was less than two months before his third trial, and there were no subsequent delays after his demand. 2021 ND 52, ¶ 20. Similarly, the first time Peters asserted his speedy trial right was twenty-one months after his arrest and seventeen days before the next scheduled trial when he moved to dismiss the trial for violation of his speedy trial right. After he asserted his speedy trial right, there was a delay proceeding with the second trial, but this COVID-19 delay did not weigh against the State. This factor does not weigh in favor of Peters because he first asserted his speedy trial right after his first trial and no significant delays occurred after that point.

D

[¶10] The final factor we must consider is whether there was any prejudice to the defendant as the result of a delay. Peters must show actual prejudice because there is no evidence that the State intentionally or negligently delayed the proceedings. *Borland*, 2021 ND 52, ¶¶ 22-23. He must therefore link his "loss of liberty with any specific prejudice … to a fair trial" by showing oppressive pretrial incarceration, anxiety of the accused, and possibility that the defense was impaired. *Hall*, 2017 ND 124, ¶ 14 (citing *Barker*, 407 U.S. at 532-33). For "impaired defense," a defendant must show that evidence that would have been helpful to his defense was lost because of the delays. *Moran*, 2006 ND 62, ¶ 20. In *Sims*, a twenty-two-and-a-half month pre-trial incarceration was not sufficient to alleviate the defendant's burden of showing actual prejudice. 847 F.3d at 636. Here, Peters was incarcerated for almost twenty-one months before his trial, and he claims that his pre-trial incarceration caused anxiety. However, Peters failed to show actual prejudice or any evidence the State acted in bad faith. This factor does not weigh against the State.

4

## E

[¶11] None of the four speedy-trial-right factors weigh against the State. Therefore, we conclude Peters has not demonstrated the State violated his right to a speedy trial.

## III

[¶12] Peters argues the district court erred in admitting the photographs.

[¶13] All relevant evidence is generally admissible, but "the court may exclude relevant evidence if its probative value is substantially outweighed by … needlessly presenting cumulative evidence." N.D.R.Ev. 402, 403. Courts should sparingly exclude evidence under Rule 403, and lower courts have "broad discretion when deciding the admissibility of a photograph" under Rule 403. *State v. Klein*, 1999 ND 76, ¶ 5, 593 N.W.2d 325. We review a district court's evidentiary ruling for abuse of discretion and reverse a court's decision to admit or exclude evidence only when the court "acts arbitrarily, capriciously, or unreasonably." *State v. Leavitt*, 2015 ND 146, ¶ 13, 864 N.W.2d 472. In *State v. Ohnstad*, this Court concluded that the trial court did not abuse its discretion in admitting multiple photographs of a victim's skull because an expert witness testified that they would make it easier for the jury to arrive at a "fair understanding" of the extent of the injury. 359 N.W.2d 827, 839-40 (N.D. 1984); *see also State v. Erdman*, 422 N.W.2d 808, 812-13 (N.D. 1988); *State v. Owens*, 2002 S.D. 42, ¶ 91, 643 N.W.2d 735.

[¶14] Here, the district court found that all the photographs had probative value relating to the elements of the offense. The court considered each photograph individually and explained that each photograph captured some aspect of B.C.'s wounds that the others did not. The photos were taken from different angles, showed different injuries, some were close-up views while others indicated scale. Some similar photos were taken at different times and showed different stages of B.C.'s bruises and injuries as she healed. The court concluded that the danger of unfair prejudice did not "substantially outweigh" the probative value. The district court properly weighed whether the photos may be needlessly cumulative against their probative value and concluded the

probative value was not substantially outweighed by needlessly presenting cumulative evidence. Accordingly, it did not abuse its discretion.

[¶15] Peters also argued that the district court erred when it did not issue a limiting instruction for the photographs. Peters failed to request a jury instruction relating to the duplicate photographs. This Court reviews for obvious error when a party fails to request a jury instruction and only in rare circumstances when the defendant has suffered serious injustice. *State v. Wallitsch*, 2020 ND 15, ¶¶ 3-4, 937 N.W.2d 529. The appellant must show "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id*. at ¶ 4. Because there was no abuse of discretion in admitting the photographs, there is no obvious error in failing to provide a limiting instruction to the jury.

IV

[¶16] We conclude the State did not violate Peters' Sixth Amendment speedy trial right and the district court did not abuse its discretion in admitting the photographs. We affirm the district court judgments.

[¶17] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte