# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 166

Nicholas Charles Morris,                                     Petitioner and Appellant

v.

State of North Dakota,                                       Respondent and Appellee

No. 20180369

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Erica M. Woehl, Bismarck, ND, for petitioner and appellant.

Reid A. Brady (argued), Assistant State's Attorney, Ryan J. Younggren (on brief), Assistant State's Attorney, and Nicholas Samuelson (appeared), third-year law student, under the Rule on Limited Practice of Law by Law Students, Fargo, ND, for respondent and appellee.

**Morris v. State**

**No. 20180369**



**McEvers, Justice.**

[¶1]   Nicholas Charles Morris appeals from a district court order denying his application for post-conviction relief.  On appeal, Morris argues the district court erred in denying his application for post-conviction relief because (1) accomplice to commit murder is not a cognizable offense, and (2) he was deprived of his right to effective assistance of counsel.  He also argues he should be permitted to withdraw his guilty plea.  We affirm the district court's order and hold accomplice to commit murder is a cognizable offense, Morris was not deprived of his right to effective assistance of counsel, and he has failed to show a manifest injustice warranting the withdrawal of his guilty plea.


I

[¶2]    In May 2015, Morris was involved in a physical altercation which resulted in Joey Gaarsland's death.  Morris was charged with three counts of conspiracy to commit aggravated assault and one count of murder.  Attorney Nicholas Thornton appeared on Morris' behalf in some of the early proceedings but was never formally retained.  In July 2015, before the preliminary hearing, the State submitted a brief in support of findings of probable cause and attached as an exhibit a letter written by Morris directed to the State's attorney, admitting to his involvement in the physical altercation. On March 11, 2016, at the change of plea hearing, Morris entered *Alford* pleas to charges in the amended information including one count of accomplice to commit extreme indifference murder and two counts of conspiracy to commit aggravated assault.  Approximately one month before sentencing, Morris' counsel, Mark Blumer, moved to withdraw as counsel.  The district court denied the motion. Morris was sentenced on October 17, 2016.

[¶3]    On November 17, 2017, Morris, acting on his own behalf, filed an application for post-conviction relief, alleging ineffective assistance of counsel against Blumer, judicial bias, and prosecutorial misconduct.  The State answered on November 20, 2017, and asserted the affirmative defenses of res judicata and misuse of process.  On February 26, 2018, Morris filed a supplemental application for post-conviction relief with the assistance of court-appointed counsel.  The supplemental application argued accomplice to commit extreme indifference murder is not a cognizable offense, Morris received ineffective assistance of counsel (directed at both Thornton and Blumer), Morris was deprived of his right to counsel when the district court denied Blumer's motion to withdraw as counsel, and Morris' plea was not knowing and voluntary.  On March 27, 2018, the State responded, moving to dismiss all of Morris' claims, arguing the claims were barred as an abuse of process and res judicata because Morris failed to raise those arguments during the pendency of the criminal case or in an appeal therefrom.

[¶4]    Post-conviction hearings were held in June and August 2018 where Blumer, Thornton, and Morris testified, and several exhibits were admitted.  On August 24, 2018, the district court issued an order denying Morris' application for post-conviction relief, concluding accomplice to murder is a cognizable offense, and finding the greater weight of the evidence demonstrated Blumer and Thornton's representation did not fall below an objective standard of reasonableness.  The court further concluded Blumer's motion to withdraw as counsel was properly denied, and found the record demonstrated Morris knowingly, voluntarily, and intelligently pleaded guilty to the amended information.

[¶5]    Morris appeals from the district court's order denying his application for post-conviction relief, arguing the court erred because (1) accomplice to commit murder is not a cognizable offense, and (2) he was deprived his right to effective assistance of counsel.  He also argues he should be permitted to withdraw his guilty plea.

## II

[¶6] We review district court orders on applications for post-conviction relief as follows:

> Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. The petitioner bears the burden of establishing grounds for post-conviction relief. When we review a district court's decision in a post-conviction proceeding, questions of law are fully reviewable. The district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made.

*Curtiss v. State*, 2016 ND 62, ¶ 7, 877 N.W.2d 58 (citations omitted). "Construction of a statute is a question of law, fully reviewable by this court." *Interest of M.M.*, 2019 ND 64, ¶ 6, 924 N.W.2d 132.

## III

[¶7] Morris claims accomplice to commit extreme indifference murder under N.D.C.C. §§ 12.1-03-01(1)(b) and 12.1-16-01(1)(b) is not a cognizable offense. The district court concluded accomplice to commit extreme indifference murder as charged is a cognizable offense. We summarily affirm under N.D.R.App.P. 35.1(a)(7). *See Olson v. State*, 2019 ND 135, ¶ 18 (holding accomplice to extreme indifference murder is a cognizable offense).

## IV

[¶8] Morris argues he was deprived of his right to effective assistance of counsel from Thornton and Blumer.

3

A

[¶9]   We have summarized the *Strickland* test used to evaluate claims of ineffective assistance of counsel as follows:

> The Sixth Amendment of the United States Constitution, applied through the Fourteenth Amendment to the States, and Article I, Section 12, of the North Dakota Constitution guarantee criminal defendants effective assistance of counsel. *State v. Garge*, 2012 ND 138, ¶ 10, 818 N.W.2d 718. An ineffective assistance of counsel claim involves a mixed question of law and fact, fully reviewable by this Court. *Flanagan* [*v. State*], 2006 ND 76, ¶ 9, 712 N.W.2d 602. In order to prevail on a post-conviction claim for ineffective assistance of counsel, an applicant must show (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-96, 694 (1984). An applicant raising a post-conviction claim for ineffective assistance of counsel has the "heavy burden" of establishing the requirements of the two-prong Strickland test. *Flanagan*, at ¶ 10.

*Olson*, 2019 ND 135, ¶ 19 (quoting *Everett v. State*, 2015 ND 149, ¶ 7, 864 N.W.2d 450). "The district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a)." *Thompson v. State*, 2016 ND 101, ¶ 7, 879 N.W.2d 93. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake [h]as been made." *Id*. "Questions of law are fully reviewable on appeal of a post-conviction proceeding." *Id*.

1

[¶10]   Morris argues Thornton was ineffective because he advised Morris to write and send a letter to the State.

[¶11]   The district court denied Morris' post-conviction claim against Thornton on the basis that Morris failed to satisfy the first prong of the *Strickland* test by failing

to show Thornton's performance fell below an objective standard of reasonableness. The court noted that at the post-conviction hearing, Thornton testified that he only appeared on behalf of Morris for the limited purpose of addressing bail, that he had no recollection of telling Morris to write a letter to the State, and that doing so would have been inconsistent with his habit, routine, and practice. Further, the court relied on Thornton's testimony that his habit, routine, and practice is to have clients memorialize their version of events in a letter *to Thornton*, which he can use in plea negotiations as he sees fit and that it would be incredibly inconsistent with his practice to advise a client to confess to a prosecutor. The court noted Thornton's testimony that an exhibit showing an email exchange between him and Blumer reveals Thornton suggested Morris write a letter *to Blumer*. The court's findings are supported by the record and we are not left with a definite and firm conviction a mistake has been made. Accordingly, we affirm the district court's finding on this ground.

2

[¶12]   Morris argues Blumer provided ineffective assistance of counsel due to (1) a breakdown in attorney-client communication, (2) Blumer's failure to explain the terms of the plea agreement, (3) Blumer's failure to explain the consequences of the *Alford* plea, (4) Blumer's failure to preserve the record and state Morris' complaints at the hearing on the motion to withdraw as counsel, and (5) Blumer's failure to timely move to withdraw Morris' guilty plea.

[¶13]   Ruling on Morris' ineffective assistance of counsel claims against Blumer, the district court found Blumer's testimony credible and his representation was reasonable. The court reiterated Blumer testified he discussed accomplice liability with Morris in face-to-face interactions, he discussed *Alford* pleas with Morris, and he explained what an *Alford* plea was before the change of plea hearing. Further, the court noted Blumer testified he met with Morris personally 24 or 25 times, Blumer and Morris discussed the charges "many, many times," and Blumer did not coerce Morris into accepting a plea agreement. Finally, the court noted that although Blumer

5

could not recall discussing the 85 percent rule with Morris, the record indicated that Blumer made Morris aware of the 85 percent rule in two letters relating to plea negotiations sent by the State. The court also noted Morris failed to provide any factual information for some of his claims. Ultimately, the court found that the greater weight of the evidence supported a finding that Blumer's representation was reasonable, satisfying the first prong of the *Strickland* test. Additionally, the court found Morris failed, under the second prong of the *Strickland* test, to show there was a reasonable probability that, but for Blumer's errors, he would not have pleaded guilty.

[¶14] The district court did not specifically address whether Blumer's failure to move to withdraw Morris' guilty plea amounted to ineffective assistance of counsel. Morris argues he was prejudiced by Blumer's failure to file the motion to withdraw his guilty plea because the burden for withdrawing a plea increases when the motion is made post-sentencing:

> Under N.D.R.Crim.P. 32(d), the standard for a district court's consideration of a defendant's request to withdraw a guilty plea differs depending on when the motion to withdraw is made. A defendant has a right to withdraw a guilty plea before it is accepted by the court. After a guilty plea is accepted, but before sentencing, the defendant may withdraw a guilty plea if necessary to correct a manifest injustice, or, if allowed in the court's discretion, for any "fair and just" reason unless the prosecution has been prejudiced by reliance on the plea. After a court has accepted a plea and imposed a sentence, a defendant cannot withdraw a plea unless the motion is timely and withdrawal is necessary to correct a manifest injustice.

*State v. Lium*, 2008 ND 33, ¶ 17, 744 N.W.2d 775 (citations omitted).

[¶15] Morris raises this theory of prejudice for the first time on appeal. He never argued he was prejudiced by a change in burden from "fair and just" to "manifest injustice," and he also failed to provide evidence of a "fair and just" reason justifying withdrawal of his plea. "The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories." *Beeter v. Sawyer Disposal LLC*, 2009 ND 153, ¶ 20, 771

6

N.W.2d 282. Because this argument presents a new theory, we decline to address it on appeal.

[¶16] Because the district court's findings on Blumer's representation are not clearly erroneous, we affirm the district court's order denying relief on Morris' claims of ineffective assistance of counsel against Blumer.

V

[¶17] Morris argues he must be permitted to withdraw his guilty plea based on his above-discussed allegations of ineffective assistance of counsel, the lack of an intelligible plea, and the incognizable charge of accomplice to commit extreme indifference murder. He states a "fair and just" reason exists warranting the withdrawal of his plea, but fails to supply further support explaining that statement other than his allegations about his counsel and the crime charged. Because we have concluded he did not receive ineffective assistance of counsel and accomplice to extreme indifference murder is a cognizable offense, the only remaining basis for relief is his assertion his plea was not intelligible.

[¶18] We review the district court's post-sentencing decision on whether a manifest injustice exists for withdrawal of a guilty plea for an abuse of discretion. *State v. Bates*, 2007 ND 15, ¶ 6, 726 N.W.2d 595. When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, we treat the application as one made under N.D.R.Crim.P. 11(d). *Lindsey v. State*, 2014 ND 174, ¶ 16, 852 N.W.2d 383. "Unless a defendant can prove serious derelictions on the part of the defendant's attorney that kept a plea from being knowingly and intelligently made, the defendant will be bound by that guilty plea." *Id*. at ¶ 17. "In criminal cases, the defendant has the burden to present evidence to overcome the presumption that defense counsel is competent and adequate, and to do so, the defendant must point to specific errors made by trial counsel." *Id*.

[¶19] The district court found Morris failed to show that a manifest injustice existed necessitating the withdrawal of his guilty plea. The court relied on excerpts taken

7

from the March 11, 2016 change of plea hearing wherein Morris agreed with the court that (1) he was intelligently, knowingly, and voluntarily pleading guilty to the counts charged in the amended information; (2) he had sufficient time to visit with his attorney about the case, the evidence against him, and the strengths and weaknesses of the State's case; (3) he did not need more time to visit with his attorney; and (4) following the court's explanation of an *Alford* plea that there was a substantial likelihood a fact finder would reasonably find him guilty. The court did not abuse its discretion in finding no manifest injustice exists warranting the withdrawal of Morris' guilty plea. We affirm the district court's finding.

## VI

[¶20]  Morris argues he was deprived of his constitutional right to effective assistance of counsel when the district court denied Blumer's motion to withdraw as his attorney. There is no need to address this issue because we have already determined that Morris has failed to show his counsel was ineffective. We have considered Morris' remaining issues and arguments and find them unnecessary to our decision or without merit.

## VII

[¶21]  For the reasons stated above, we affirm the district court's order.

[¶22]  Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.