FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 23, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2021 ND 232

John Clark Bridges,                                     Petitioner and Appellant

v.

State of North Dakota,                                 Respondent and Appellee

Nos. 20210118 and 20210119

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant; submitted on brief.

Tessa M. Vaagen, Assistant State's Attorney, and Dominic Davis, third-year law student, under the Rule on Limited Practice of Law by Law Students, Bismarck, ND, for respondent and appellee; submitted on brief.

**Bridges v. State**
**Nos. 20210118 and 20210119**

**Crothers, Justice.**

[¶1]   John Bridges appeals from a district court order denying his applications for postconviction relief. Bridges claims his mental illness prevented him from understanding the charges against him or aiding in his defense. He also claims his mental illness prevented him from filing a timely application for relief. We affirm.

I

[¶2]   In 2012, Bridges pleaded guilty to murder and kidnapping. The district court sentenced him to life in prison without parole. In 2013, Bridges pleaded guilty to attempted murder and possession of contraband by an inmate. The court sentenced him to twenty years' imprisonment on each count.

[¶3]   In January 2019, Bridges filed applications for postconviction relief in both criminal matters. He alleged he suffers from paranoid schizophrenia that prevented him from filing a timely application for relief. He alleged he was diagnosed with paranoid schizophrenia and took psychotropic medication before his incarceration and while in custody. He alleged prison officials coerced him "to say things that would ultimately discredit his history of mental illness." He alleged he was injected with a powerful antipsychotic drug before sentencing. Bridges sought to withdraw his guilty pleas.

[¶4]   The district court held a hearing on Bridges' applications, allowing him to present evidence related to his mental status. In Bridges' post-hearing brief, he claimed to have received ineffective assistance of counsel in the 2013 criminal matter. The court found Bridges' mental status was not newly discovered evidence because his competency was fully evaluated at the time of his convictions. The court found Bridges' applications were untimely and denied him relief.

## II

[¶5] Postconviction relief proceedings are civil in nature and the applicant has the burden of establishing the grounds for relief. *Thomas v. State*, 2021 ND 173, ¶ 6, 964 N.W.2d 739. The standard of review in postconviction relief proceedings is well established:

> "A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding."

*Thomas*, at ¶ 6 (quoting *Hunter v. State*, 2020 ND 224, ¶ 11, 949 N.W.2d 841).

## III

[¶6] Bridges claims he established that his paranoid schizophrenia qualifies as an exception to the two-year statute of limitations for postconviction relief applications.

[¶7] Under N.D.C.C. § 29-32.1-01(2), a petitioner must file an application for postconviction relief within two years of the date the conviction becomes final. A court may consider an application for relief after the two years have passed if the applicant establishes that he or she suffered from a "mental disease that precluded timely assertion of the application for relief." N.D.C.C. § 29-32.1-01(3)(a)(2).

[¶8] The district court noted that although Bridges' applications likely could have been disposed of by summary disposition, the court granted a hearing, "giving Bridges full opportunity to present his evidence." The court found Bridges' mental status was at issue at the time of his convictions:

> "It is quite clear that Bridges' mental status was at issue in his original convictions, as such, a [pre-sentence investigation] was ordered and evaluations were performed. The conclusions were

2

that Bridges did not lack competency nor did he suffer from psychosis either during the pendency of the criminal proceedings or after. Bridges' mental status is not 'newly discovered evidence.' His competency was fully evaluated at the time of his original convictions. Dr. Lisota testified that Bridges was competent, very intelligent, highly psychopathic and manipulative. There was other testimony of Bridges' manipulation, including feigning mental illness to obtain social security benefits. Dr. Lisota testified he did not observe any symptoms of akathisia and further indicated such would not affect competency. Bridges did not present anything to contradict this, nor did he present any new issues of material fact as his mental health was previously considered and he was found competent. There simply is no proof or evidence to allow for the relief requested. The Court finds the post-conviction filing to be untimely with no exception present to allow for the relief requested."

[¶9] Dr. Robert Lisota, a licensed psychologist, evaluated Bridges twice after he was charged in 2012. Lisota testified at the evidentiary hearing on Bridges' postconviction relief application. Lisota testified his evaluation showed Bridges had antisocial personality disorder with paranoid features. Lisota testified "I did not see anything that would be consistent with a mental illness, such as a schizophrenia or a bipolar spectrum disorder that would cause a loss or serious distortion of reality contact or render him unable to not know that what he was doing was wrong." Lisota believed Bridges was competent to proceed in the criminal matter.

[¶10] The record supports the district court's findings. The court did not clearly err in finding Bridges' mental status was considered in his criminal matters, he was found competent and he has not presented evidence establishing he suffers from a mental disease that precluded a timely application for relief. The court did not err in finding the mental disease exception under N.D.C.C. § 29-32.1-01(3)(a)(2) did not apply and Bridges' applications for postconviction relief were untimely.

3

## IV

[¶11] Bridges argues he received ineffective assistance of counsel in the 2013 criminal matter. In postconviction relief proceedings we have held issues not raised in the application for relief cannot be raised for the first time on appeal. *Edwardson v. State*, 2019 ND 297, ¶ 11, 936 N.W.2d 376. Because Bridges did not raise this issue in his application for postconviction relief, and only raised it in post-hearing briefing in the district court, we decline to address Bridges' claim on appeal.

## V

[¶12] Bridges' remaining arguments are either not necessary to our decision or are without merit. The order is affirmed.

[¶13] Jon J. Jensen, C.J.
    Gerald W. VandeWalle
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte