# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 147

John Clark Bridges,                                    Petitioner and Appellant

v.

State of North Dakota,                                  Respondent and Appellee

## Nos. 20220077-20220079 & 20220086

Appeals from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice, joined by Chief Justice Jensen and Justices Crothers and Tufte. Justice VandeWalle concurred in the result.

Kiara Kraus-Parr, Grand Forks, ND, for petitioner and appellant; submitted on brief.

David L. Rappenecker, Bismarck, ND, for respondent and appellee; submitted on brief.

**McEvers, Justice.**

[¶1]   John Clark Bridges appeals from district court orders and judgments granting the State's motions for summary disposition and denying Bridges' applications for postconviction relief as untimely, barred by misuse of process and res judicata, and for lack of genuine issues of material fact.  Bridges argues summary disposition of his applications was inappropriate and he was entitled to evidentiary hearings in each case.  We affirm.

I

[¶2]   Bridges was convicted following guilty pleas to murder and kidnapping in 2012 and attempted murder in 2013.  He did not appeal either conviction. Bridges previously applied for postconviction relief, and this Court affirmed the orders denying Bridges' applications.  *See Bridges v. State*, 2022 ND 82, 973 N.W.2d 6; *Bridges v. State*, 2021 ND 232, 968 N.W.2d 188.

[¶3] In June 2021, in case 08-2021-CV-01163, Bridges applied for postconviction relief related to his murder conviction.  In November 2021, in case 08-2021-CV-02060, Bridges applied for postconviction relief from his attempted murder conviction.  In December 2021, in cases 08-2021-CV-02236 and 08-2021-CV-02302, Bridges filed additional applications for postconviction relief in each underlying criminal case.  The State filed answers to the applications, alleging each was either untimely, a misuse of process, or barred by res judicata.  The State separately moved for summary disposition of each application.

[¶4]   The district court granted each motion for summary disposition and denied Bridges' applications for postconviction relief.  The court determined Bridges' applications were untimely, Bridges had failed to demonstrate any genuine issue of material fact, any alleged new evidence would not have had an effect on the proceedings, and Bridges' claims were barred by res judicata and misuse of process.  Bridges appeals from each order.

## II

[¶5] Postconviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. *Abdi v. State*, 2021 ND 110, ¶ 8, 961 N.W.2d 303 (citing *Morris v. State*, 2019 ND 166, ¶ 6, 930 N.W.2d 195). The applicant bears the burden of establishing grounds for postconviction relief. *Id.*

[¶6] Summary disposition of an application for postconviction relief after the State responds is akin to summary judgment under N.D.R.Civ.P. 56. *Davies v. State*, 2018 ND 211, ¶ 9, 917 N.W.2d 8. "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Id.* A district court may summarily dispose of an application for postconviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Everett v. State*, 2016 ND 78, ¶ 15, 877 N.W.2d 796. Questions of law are fully reviewable by this Court. *Id.*

[¶7] Applications for postconviction relief must be filed within two years of the date of the conviction becoming final. N.D.C.C. § 29-32.1-01(2). Each of Bridges' applications was filed more than two years after his convictions. However, N.D.C.C. § 29-32.1-01(3) allows a district court to consider an application filed outside two years in three instances: (1) the application alleges newly discovered evidence; (2) the petitioner establishes that the petitioner suffered from a physical disability or mental disease that precluded timely assertion of postconviction relief; or (3) the petitioner asserts a new interpretation of law that is retroactively applicable to the petitioner's case. N.D.C.C. § 29-32.1-01(3). None of Bridges' applications allege he suffered from a physical disability or mental disease. Bridges' applications assert claims of newly discovered evidence and new interpretations of law. We review his individual applications in turn.

A

[¶8] In case 08-2020-CV-01163, Bridges argues testimony by his psychiatrist at an evidentiary hearing in March 2021 on a previous application for postconviction relief from his murder conviction constitutes newly discovered evidence.

[¶9] Under N.D.C.C. § 29-32.1-01(3)(a)(1), a district court may consider an application filed more than two years after conviction if the application alleges "the existence of newly discovered evidence" that would establish "in light of the evidence as a whole . . . the petitioner did not engage in the criminal conduct for which the petitioner was convicted." Generally, when an applicant for postconviction relief seeks to withdraw a guilty plea, the district court reviews it under N.D.R.Crim.P. 11(d) to determine whether relief is necessary to correct a "manifest injustice." *Lindsey v. State,* 2014 ND 174, ¶ 16, 852 N.W.2d 383. In the context of an application for postconviction relief based on newly discovered evidence following a guilty plea, we have explained the "manifest injustice" analysis is similar to N.D.R.Crim.P. 33. *Lindsey,* at ¶ 29. We have applied the following test:

> The defendant must show (1) the evidence was discovered after the guilty plea, (2) the failure to learn about the evidence before the plea was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to what would have been the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal at trial.

*Id.* This standard predates the existence of the statute of limitation under N.D.C.C. § 29-32.1-01(2).

[¶10] The State argues the key concern under N.D.C.C. § 29-32.1-01(3)(a)(1) is whether the newly discovered evidence, if proved in light of the evidence as a whole, would establish Bridges did not engage in the criminal conduct for which he was convicted.

[¶11] We agree. We conclude the test to be applied to a motion for a new trial on the basis of newly discovered evidence under N.D.R.Crim.P. 33 is higher for an application for postconviction relief based on newly discovered evidence

3

under N.D.C.C. § 29-32.1-01(3)(a)(1). Our previous analysis only required an applicant for postconviction relief based on newly discovered evidence to establish "the weight and quality of the newly discovered evidence would likely result in an acquittal . . . ." *Lindsey*, 2014 ND 174, ¶ 29 (citing N.D.R.Crim.P. 33). However, N.D.C.C. § 29-32.1-01(3)(a)(1) requires an applicant to "establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted." Because the burden is higher for postconviction relief than that applied to motions under N.D.R.Crim.P. 33, a more suitable test is necessary.

[¶12] We are persuaded by the Montana Supreme Court's decision in *Marble v. State*, 2015 MT 242, 380 Mont. 366, 355 P.3d 742. In *Marble*, the Montana Supreme Court held it had "erred in equating a motion for new trial with a postconviction relief claim based upon newly discovered evidence because, while a motion for new trial does—by definition—contemplate a new trial, postconviction proceedings are in no way tethered to such relief." *Id.* at ¶ 29. Before *Marble*, the Montana Supreme Court applied a standard similar to our own under N.D.R.Crim.P. 33, requiring a petitioner to satisfy a five-part test:

> (1) [t]he evidence must have been discovered since the defendant's trial;
> (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part;
> (3) the evidence must be material to the issues at trial;
> (4) the evidence must be neither cumulative nor merely impeaching; and
> (5) the evidence must indicate that a new trial has a reasonable probability of resulting in a different outcome.

*Marble*, at ¶ 22; *cf. Everett*, 2016 ND 78, ¶ 17 (explaining four-part test for defendant to prevail on motion for new trial on basis of newly discovered evidence). In *Marble*, the State argued this five-part test was incompatible with postconviction relief. According to the State, proof "the petitioner did not engage in the criminal conduct" on an application for postconviction relief is a higher requirement than the showing of a "reasonable probability of resulting in a different outcome" on a motion for new trial. *Marble*, at ¶ 24. The court agreed, concluding the five-part test was inconsistent with the standard set

4

forth in the postconviction relief statute requiring "newly discovered evidence . . . the petitioner did not engage in the criminal conduct." *Id.* at ¶ 31 (citing Mont. Code Ann. § 46-21-102(2)). The court ultimately concluded a district court "shall utilize the very test set forth [by statute and] determine whether the 'newly discovered evidence . . ., if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct' for which he or she was convicted." *Id.* at ¶ 36.

[¶13] Our statute for establishing grounds for postconviction relief on the basis of newly discovered evidence is nearly identical to that reviewed by the Montana Supreme Court in *Marble*. *Compare* N.D.C.C. § 29-32.1-01(3)(a)(1) *with* Mont. Code Ann. § 46-21-102(2). Section 29-32.1-01(3)(a)(1), N.D.C.C., conflicts with the test under N.D.R.Crim.P. 33 only as it applies to the last prong. We therefore agree with the reasoning of *Marble* and adopt a similar test for applications for postconviction relief alleging newly discovered evidence. We hold the district court must continue to determine whether the alleged evidence is newly discovered under prongs one through three and then, applying the statutory requirement, determine "if proved and reviewed in light of the evidence as a whole" the newly discovered evidence would "establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted." *See* N.D.C.C. § 29-32.1-01(3)(a)(1). We conclude such a test more accurately reflects the petitioner's burden in establishing grounds for postconviction relief on the basis of newly discovered evidence.

[¶14] Here, the district court determined Bridges failed to establish that the new evidence was material to the issues in this case. The court further determined Bridges failed to show how the new evidence would likely result in an acquittal. Because Bridges failed to meet the lower standard under the four-part test above, we conclude he also fails to meet the heightened burden we announce today. Nowhere in Bridges' application does he assert the newly discovered evidence would establish he did not engage in the conduct for which he was convicted. We agree with the district court Bridges has not provided competent admissible evidence entitling him to postconviction relief. We therefore conclude the court did not err in summarily dismissing Bridges' application for postconviction relief in case 08-2020-CV-01163.

5

[¶15] In case 08-2021-CV-02060, Bridges argues testimony regarding an internal investigation conducted by the department of corrections is newly discovered evidence in his attempted murder case. Bridges also alleges he was not present at his initial appearance, and an order denying him a new trial in the underlying criminal case is newly discovered evidence.

[¶16] The district court concluded Bridges' application was untimely. The court determined the internal investigation was not newly discovered, as Bridges "certainly was aware of the interview through his participation in it," Bridges was provided the investigative report in discovery, and the investigation was discussed at his sentencing hearing. Our review of the record indicates the investigation took place before Bridges' sentencing in 2013. The court also noted it had previously addressed the internal investigation in case 08-2013-CR-02276 and in case 08-2021-CV-01171. The court further found Bridges did appear at his initial appearance and, even if he had not, his absence would have been known prior to his guilty plea and therefore was not newly discovered. We agree with the district court Bridges failed to provide competent admissible evidence entitling him to postconviction relief. We conclude the court did not err in dismissing Bridges' application in case 08-2021-CV-02060 as untimely.

C

[¶17] In case 08-2021-CV-02236, Bridges argues new interpretations of 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii) and *Chisholm v. State*, 2014 ND 125, 848 N.W.2d 703, resulted in a due process violation in his conviction for attempted murder. He also argues the district court's denial of a previous application for postconviction relief constitutes new evidence.

[¶18] Section 29-32.1-01(3)(a)(3), N.D.C.C., permits an applicant to assert "a new interpretation of federal or state constitutional or statutory law by either the United States supreme court or a North Dakota appellate court" and establish "that the interpretation is retroactively applicable to the petitioner's case." The application for postconviction relief must be filed within two years

of the effective date of the appellate court decision announcing a new interpretation of federal or state law. *Hieb v. State*, 2016 ND 146, ¶ 10, 882 N.W.2d 724 (quoting N.D.C.C. § 29-32.1-01(3)(b)). This Court has stated "the effective date of the retroactive application of law is the date the opinion announcing a new interpretation of federal or state law is distributed or published." *Id.* at ¶ 11.

[¶19] The district court concluded Bridges' application was untimely. The court determined Bridges failed to establish a new interpretation of law that was retroactively applicable to his case. The court explained *Chisholm* was not a new interpretation of law, but rather a restatement of law from *Overlie v. State*, 2011 ND 191, 804 N.W.2d 50, published two years before Bridges' sentencing. The court also found Bridges had failed to present newly discovered evidence, because Bridges' arguments regarding an internal investigation had previously been addressed in a motion for a new trial and an application for postconviction relief. The court rejected those arguments as the evidence was known to Bridges at sentencing, would not have been material, and was unlikely to result in an acquittal.

[¶20] Bridges has not cited any United States Supreme Court or North Dakota appellate court authority newly interpreting 28 U.S.C. § 2254(b)(1). Bridges also has not explained how *Chisholm*, which held an applicant for postconviction relief must be "provided with notice and an opportunity to present evidence raising a genuine issue of material fact before his application was summarily dismissed," announced a new interpretation of law or is retroactive to his case. 2014 ND 125, ¶ 19. Even if *Chisholm* was a new interpretation of constitutional or statutory law and was retroactively applicable, the opinion was published in 2014, far more than two years before Bridges filed the current application. Bridges also failed to demonstrate evidence of the internal investigation was newly discovered as the district court had previously addressed the investigation. We conclude the district court did not err in dismissing Bridges' application in case 08-2021-CV-02236 as untimely.

7

## D

[¶21] Finally, in case 08-2021-CV-02302, Bridges argues new interpretations of N.D.C.C. § 29-32.1-01(3) and 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii) demonstrate the occurrence of a due process violation and, further, the district court's order granting summary disposition of a previous application for postconviction relief constitutes newly discovered evidence.

[¶22] The district court concluded Bridges' application was untimely. As previously noted, under N.D.C.C. § 29-32.1-01(3)(a)(3), an applicant must assert a new interpretation of law by "either the United States supreme court or a North Dakota appellate court." The court found Bridges failed to assert a new interpretation of law, as he failed to "cite any United States Supreme Court case or North Dakota appellate court case that provides a new interpretation" of 28 U.S.C. § 2254. The court explained that citation to statutory law alone is insufficient to meet the exception. The court also determined Bridges had not presented newly discovered evidence. The court explained Bridges was aware of testimony allegedly indicating he acted in self-defense when he entered his guilty plea, and Bridges acknowledged as much in his application. Again, we agree with the district court Bridges has not provided competent admissible evidence entitling him to postconviction relief. We conclude the court did not err in dismissing Bridges' application for postconviction relief in case 08-2021-CV-02302 as untimely.

## III

[¶23] We affirm the district court's orders and judgments.

[¶24] Jon J. Jensen, C.J.
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte

    I concur in the result.
    Gerald W. VandeWalle