# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 181

Sidhassan Yaqub-Sharif Isac,            Petitioner and Appellant

     v.

State of North Dakota,            Respondent and Appellee

## No. 20230100

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan L. Bailey, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Avinoor Mann (argued), under the Rule on Limited Practice of Law by Law Students, Kara S. Olson (appeared) and Nicholas S. Samuelson (on brief), Assistant State's Attorneys, Fargo, ND for respondent and appellee.

# Isac v. State
## No. 20230100

**Crothers, Justice.**

[¶1] Sidhassan Yaqub-Sharif Isac appeals from an order denying his application for post-conviction relief. He argues the district court erred when it found he was not prejudiced by his counsel's failure to advise him of the immigration consequences of a criminal conviction prior to entering a guilty plea. He also argues the court failed to follow the proper procedure for allowing a witness to refresh his recollection while testifying. We affirm.

I

[¶2] Isac was born in Somalia. He came to the United States when he was eight years old and has lived here for roughly 20 years. He is not a United States citizen. In 2020, he was charged with possession of a controlled substance, possession of drug paraphernalia, and driving under suspension. He pleaded guilty and the district court sentenced him to 360 days imprisonment. He did not appeal. At the time of his plea he had roughly 25 other convictions, including drug and alcohol related crimes. United States Immigration and Customs Enforcement subsequently detained Isac pending proceedings to deport him to Somalia.

[¶3] Isac filed an application for post-conviction relief seeking to withdraw his guilty plea. He alleged Fourth Amendment violations based upon the length of the traffic stop leading to the charges. He later filed an amended petition asserting he received ineffective assistance of counsel because his attorney failed to advise him of the immigration consequences of a conviction.

[¶4] The district court held an evidentiary hearing. The State called Isac's criminal defense counsel, Leo Patrick O'Day, Jr., to testify. Isac objected to O'Day's testimony, asserting O'Day was required to testify from memory and not his notes. The court warned O'Day he could not read from his notes while testifying. The court issued a standing instruction allowing O'Day to use his notes to refresh his recollection "then look up and answer the question." O'Day testified he never discussed possible immigration consequences with Isac. Isac

1

testified he would not have pleaded guilty had he known the immigration consequences of a conviction. The court entered an order denying Isac post-conviction relief. The court found O'Day was ineffective for not providing Isac immigration advice, but Isac failed to establish the deficient representation caused him prejudice. Isac appeals.

## II

[¶5]   Post-conviction relief proceedings are governed by the Uniform Post-Conviction Procedure Act, N.D.C.C. ch. 29-32.1. An applicant for post-conviction relief bears the burden of establishing grounds for relief. *Morris v. State*, 2019 ND 166, ¶ 6, 930 N.W.2d 195. Questions of law are fully reviewable. *Id.* Findings of fact are reviewed under the clearly erroneous standard of review. *Id.* "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Id.* (quoting *Curtiss v. State*, 2016 ND 62, ¶ 7, 877 N.W.2d 58).

## A

[¶6]   Isac argues the district court erred when it found he was not prejudiced by O'Day's failure to provide him immigration advice. Isac asserts his own testimony establishes he would have proceeded to trial had he known his plea would result in him facing deportation to Somalia.

[¶7]   A post-conviction relief application seeking to withdraw a guilty plea is treated as a motion made under N.D.R.Crim.P. 11(d), which requires the defendant establish a manifest injustice absent withdrawal of the plea. *Kremer v. State*, 2020 ND 132, ¶ 5, 945 N.W.2d 279. When an applicant seeks to withdraw a guilty plea based upon ineffective assistance of counsel, the applicant bears the heavy burden of satisfying the two-part test set out by *Strickland v. Washington*, 466 U.S. 668 (1984). The applicant must show (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for

2

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Isxaaq v. State*, 2021 ND 148, ¶¶ 8-9, 963 N.W.2d 260.

[¶8]   Under the first prong, defense counsel's representation is measured against "prevailing professional norms." *Isxaaq,* 2021 ND 148, ¶ 10 (quoting *Bahtiraj v. State*, 2013 ND 240, ¶ 10, 840 N.W.2d 605). If it is clear a noncitizen defendant will be deported, a constitutionally competent counsel would advise his client of that certainty. *Isxaaq,* at ¶ 10. If the immigration consequences are uncertain, a constitutionally competent counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* (quoting *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010)). Prong one is not an issue in this case. The State does not challenge the district court's holding that Isac received ineffective assistance when his counsel failed to provide any advice concerning the potential immigration consequences of a conviction.

[¶9]   The issue before the Court is whether the district court erred when it found Isac failed to prove prejudice under prong two. Prong two requires a determination as to whether, absent his counsel's deficient representation, Isac "would not have pleaded guilty and would have insisted on going to trial." *Isxaaq*, 2021 ND 148, ¶ 9. We have noted a "progression in the law" on the standard for determining whether a criminal defendant has been prejudiced by counsel's failure to provide advice concerning the immigration consequences of a guilty plea. *Id.* at ¶ 21. In *Bahtiraj*, we explained a defendant must prove that rejecting a plea deal would have been "rational under the circumstances," and the inquiry is informed by "an examination and prediction of the likely outcome of a possible trial." 2013 ND 240, ¶ 16. We noted a defendant may meet his or her burden by establishing, for example, the existence of a valid defense, a meritorious motion to suppress evidence, or the potential for obtaining a lower sentence. *Id.*

[¶10] After our decision in *Bahtiraj*, the United States Supreme Court explained "there is more to consider than simply the likelihood of success at trial." *Lee v. United States*, 582 U.S. 357, 367 (2017). The question requires an examination of "what an individual defendant would have done" had he

received competent advice. *Id.* at 368. "[T]he possibility of even a highly improbable result may be pertinent to the extent it would have affected his decision making." *Id.* For example, when a defendant's choice to go to trial will "almost" certainly lead to deportation, but pleading guilty will guarantee it, the decision to throw a "Hail Mary" and go to trial may be rational. *Id.* at 369-71. However, a defendant's after-the-fact assertions about his decision making, on their own, are not sufficient to meet the burden. *Id.* at 369. "Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.*

[¶11] Isac does not assert the crimes he pleaded guilty to are mandatory deportation crimes. He admits that, at the time he pleaded guilty, the immigration consequences of his plea were uncertain. He asserts a competent defense counsel would have consulted an immigration attorney to give him the information he needed to accurately assess his situation. Yet the record contains nothing indicating what that advice may have been. *See Lee*, 582 U.S. at 367 (stating a decision to plead guilty involves assessing the consequences of a conviction). Isac claims such evidence is unnecessary because we now know for certain his plea resulted in deportation proceedings. However, the district court is required to determine what Isac would have done had he received competent advice—not what he would have done with the benefit of hindsight.

[¶12] The district court assessed the strength of the State's case as strong. The court noted Isac admitted to law enforcement that he owned the drugs and drug paraphernalia that were found in the vehicle he was driving. The court also found Isac had approximately 25 convictions, and he had been warned of the potential immigration consequences of a guilty plea "innumerable times" during arraignments, by the judge herself, by his "multiple prior defense counsel," and by a "colloquy with a Judge in a prior case." Despite these warnings, Isac did not offer evidence to show he requested more information about immigration consequences, sought reassurance that his immigration status was not implicated, or made efforts to obtain an immigration attorney. On this record, the district court's finding that Isac did not show prejudice from his counsel's deficient representation is not clearly erroneous.

4

[¶13] Isac argues the district court did not follow the proper procedure for allowing O'Day to refresh his recollection. He claims the court's procedure effectively allowed O'Day to offer his notes into evidence rather than testify from memory.

[¶14] We review a district court's evidentiary rulings for an abuse of discretion. *State v. Peters*, 2022 ND 196, ¶ 13, 981 N.W.2d 874. "A court abuses its discretion when it acts in an arbitrary, capricious, or unreasonable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned decision." *State v. Shaw*, 2018 ND 32, ¶ 6, 905 N.W.2d 905. An appellant challenging the district court's admission of evidence in a bench trial bears a heavy burden:

> "In the trial of a nonjury case, it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not. An appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made."

*Matter of Estate of Froemke*, 2023 ND 154, ¶ 13, --- N.W.2d --- (quoting *Zundel v. Zundel*, 2020 ND 150, ¶ 29, 945 N.W.2d 297).

[¶15] Witnesses must testify from personal knowledge. N.D.R.Ev. 602. Adverse parties are entitled to production of writings used by witnesses to refresh their recollection while testifying. N.D.R.Ev. 612(b). We have explained the procedure:

> "First, witnesses must show a need to refresh their memory, and second, witnesses must confirm that the notes will assist them in refreshing their memory. Witnesses may not testify directly from the notes, but can use the notes to assist in their recollection. A district court has broad discretion to control the use of evidence to refresh memory and determine whether witnesses are using a

writing to refresh their memory, or whether they are effectively offering the writing for its truth."

*Cmty. Homes of Bismarck, Inc. v. Main*, 2011 ND 27, ¶ 11, 794 N.W.2d 204 (citations omitted); *see also Leno v. Dir., N.D. Dep't of Transp.* 2015 ND 255, ¶ 12, 870 N.W.2d 455.

[¶16] Isac objected during the evidentiary hearing, asserting O'Day was improperly reading from notes. The district court responded: "I'll just give a standing instruction that you may refresh your recollection and then you can indicate when you're ready to respond." The court agreed with Isac's counsel: "she's correct that you can't read from your notes. I am allowing you to refresh your recollection, then look up and answer the question." The court found O'Day needed to refresh his recollection given "[h]e has hundreds and hundreds of files." Isac did not move the court to order production of the notes. The court correctly applied the law by allowing O'Day to use notes to refresh his recollection. On this record, the district court did not abuse its discretion.

III

[¶17] We affirm the order denying Isac's application for post-conviction relief.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr